JULIETTE CLEAVELAND, RESPONDENT, v. PHILANDER
HATCH AND WILLARD HATCH, APPELLANTS.

*County Court — an allegation of the complaint in an action in it, as to the residence
of a defendant, not denied in his answer, must be taken as true for all purposes — he
cannot move to vacate a judgment entered therein on the ground that he was a non-
resident of the county.*

APPEAL from an order of the Cattaraugus County Court denying
a motion on the part of the defendant to vacate the judgment herein
and to dismiss the action for want of jurisdiction.

The court at General Term said : " The ground of the motion was
that at the time of the commencement of the action Willard Hatch,
one of the defendants, was not a resident of the county of Catta-
raugus, but resided in the county of Allegany. The pleadings in
the case furnish a sufficient answer to the motion. The complaint
alleged that both of the defendants were residents of the county of
Cattaraugus, and each defendant appeared and answered and did
not deny the averment. The fact of residence having thus been
admitted of record, must be taken as true for all purposes of the
action. (Code of Civil Pro., § 522.) Every fact essential to
the jurisdiction is material to the issue, and when controverted it
must of necessity be determined by the court upon proof like any
other question of fact. (*Burckle* v. *Eckhart*, 3 N. Y., 132, *per*
GARDNER, J., p. 137.) Whether the fact is put in issue or is
alleged and admitted on the record, in either case the adjudication
is conclusive. In *Davis* v. *Packard* (6 Wend., 327) WALWORTH,
Ch., said, speaking of courts of limited jurisdiction : " Where the
court has jurisdiction over the subject matter of the suit and facts
are stated in the proceedings sufficient to give it jurisdiction as to
the parties, if the defendant appears and confesses those facts, or
tacitly admits them by pleading to the merits, he is precluded and
cannot afterwards assign for error the want of jurisdiction." The
Chancellor cited several cases in support of this position. The case
of *Davis* v. *Packard* was reversed by the Supreme Court of the
United States (7 Pet., 276), but the principle stated by the Chan-
cellor was not questioned but was held inapplicable to that case.

The order appealed from should be affirmed, with ten dollars costs and disbursements."

*G. H. Phelps*, for the appellants.

*F. W. Kruse*, for the respondent.

Opinion by SMITH, P. J.; HARDIN and HAIGHT, JJ., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.